9660.   JONES *v.* RAUSCHENBERG.

It was not a good plea to an action on promissory notes that the plaintiff (the payee) owed the defendant (the maker) a stated sum, pleaded as a set-off, by reason of the following facts: The notes were for a part of the purchase-price of a certain lot of land bought by the defendant

from the plaintiff, with a house thereon which had not been completed when the notes were given; and the plaintiff then agreed to complete the house and to pay to the defendant an amount equal to the interest on the notes and on a certain mortgage against the property until the completion of the house; this agreement being made in consideration of the defendant's closing up the trade and signing the notes then; the house was not completed until a named date, and the defendant sought to set off the amount of the interest thus agreed to be paid.

DECIDED JANUARY 15, 1919.

Certiorari; from Fulton superior court—Judge Bell. March 23, 1918.

Suit was brought in the municipal court of Atlanta on two promissory notes of Jones, the defendant, to Rauschenberg, the plaintiff, for $30 each, dated December 1, 1915, which recited that they were of a series of notes aggregating $2,000, "as evidenced by land mortgage of even date, owing by" Jones to Rauschenberg. The defendant filed at the appearance term an answer admitting the execution of the notes, but denying indebtedness, and setting up that the notes were for a part of the purchase-price of a house and lot, that at the time they were given the house was not completed, and that the plaintiff then agreed to complete the house satisfactorily to him, and to pay all interest accruing on the purchase-money notes and on a $2,500 first mortgage against the property until the completion of the house, if he would sign the notes; that the house was not completed until February 15, 1916, and the interest accruing from the time the notes were given until the completion of the house was $69.50, for which he was entitled to judgment against the plaintiff. The answer was amended as follows: "Defendant says, for further plea, that the plaintiff is indebted to this defendant in the sum of $69.50, with interest thereon at 7% per annum from February 15, 1916, by reason of the following facts: Defendant bought a house and lot from the plaintiff, the same being located at 227 Greenwood Avenue, and being the same house and lot for the purchase-money of which the notes sued on were given. When the trade was made and the papers executed the house was not completed. The plaintiff agreed to complete the house and agreed that he would pay the defendant an amount equal to the interest on the purchase-money note from December 1, 1915, and the interest on the first loan of $2,500 which was against the property, until the house was completed. This agreement was made in consideration of defend-

ant closing up the trade and signing the notes then. The house was not completed up to February 15, 1916. Defendant therefore pleads that the plaintiff became indebted to him in the sum of $29.16, being the amount of interest on the $2,000 of notes from December 1, 1915, to February 15, 1916, and $40.34, being the interest on the $2,500 loan from November 22, 1915, to February 15, 1916, making $69.50. And defendant asks that the amount be set off against the plaintiff's claim and defendant be given judgment for the balance due him." The amendment and the answer were duly verified. The court, on motion of the plaintiff, struck the answer as amended, and rendered judgment against the defendant for the amount sued for. This was complained of in the defendant's petition for certiorari. The judge of the superior court overruled the certiorari, and the bill of exceptions assigns error thereon.

*Moore & Branch,* for plaintiff in error, cited: Civil Code (1910), §§ 5635, 5649, 4353, 5791; *Albany Phosphate Co.* v. *Hugger,* 4 *Ga. App.* 771 (1); *Finney* v. *Cadwallader,* 55 *Ga.* 75; *Cherry* v. *Sutton* 30 *Ga.* 875.

*Hendrix & Silverman,* contra, cited: *Mansfield* v. *Barber,* 59 *Ga.* 853; *Dyer* v. *Walton,* 79 *Ga.* 468; *Stafford* v. *Staunton,* 88 *Ga.* 298; *Johnson* v. *Cobb,* 100 *Ga.* 139; *Lunsford* v. *Malsby,* 101 *Ga.* 39 (2), 41; *Bowen* v. *Waxelbaum,* 2 *Ga. App.* 522; *Crooker* v. *Hamilton,* 3 *Ga. App.* 190 (3); *Henderson* v. *Thompson,* 52 *Ga.* 149; *Chamberlain* v. *Beck,* 68 *Ga.* 346 (5); *Connor* v. *Lasseter,* 98 *Ga.* 708 (2).

BROYLES, P. J. It was not error to strike the defendant's answer as amended, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Bloodworth, J., concurs.*

STEPHENS, J., dissenting. A sues B upon several promissory notes given by B to A in part payment of the purchase-money for a lot of land with a house thereon purchased by B from A. B admits the execution and validity of the notes, but by way of set-off says, that at the time of the execution of the notes A agreed that in consideration of their execution he would complete the building of the house, and further agreed that until the house was so completed he would pay to B an amount equal to the interest on the notes from the date of their execution, and also in addition

thereto the interest from that date on a mortgage due by A which he had placed upon the premises, and which B in the contract of sale had assumed. Does the agreement alleged in the set-off constitute a valid contract? Also, does it, being in parol, vary the terms of the written contract as contained in the notes?

This agreement, to my mind, sets up a valid contract, and does not violate the terms of the written contract. The execution of the notes was a detriment to B, and constituted a good consideration to support A's promise to complete the house. A's promise, with an added provision for a liquidation of damages in case the promise to complete the house was broken, does not at all affect the terms of the note. The precise method of liquidation is entirely reasonable and fair. The fact that a part of the damages is to be measured by the amount of interest accrued, and perhaps paid, on the note from B to A is merely incidental and subsidiary to the main agreement to complete the house or pay damages for failure to do so. Besides, that part of A's promise to measure part of the damages by the interest on a mortgage of A's which was already in existence, and not at all connected with the note in question, certainly constitutes no variation of the terms of the note.

I think defendant's plea sets up a good contract and should not have been stricken.